| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the Western |
| | * District of Missouri. |
| Gordon P. Grant, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: August 20, 2010
Filed: August 24, 2010
_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

  Pursuant to a written plea agreement, Gordon Grant pleaded guilty to using file-sharing programs to publish notices over the internet offering to display, distribute, and/or reproduce child pornography, in violation of 18 U.S.C. § 2251(d)(1)(A) and (e) (Count 1); attempting to distribute child pornography over the internet, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Count 2); receiving child pornography over the internet, in violation of section 2252(a)(2) and (b)(1) (Count 3); and possessing one or more child-pornography films and other matter that had been transported in interstate commerce, or had been produced using materials transported in interstate commerce, in violation of section 2252(a)(4)(B) and (b)(2) (Count 4). The district

court[1] imposed concurrent prison sentences--the statutory maximum for each count--of 30 years (Count 1), 20 years (Counts 2 and 3), and 10 years (Count 1). On appeal, Grant's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is unreasonably harsh.

Grant's written plea agreement contains an appeal waiver pursuant to which he waived his right to appeal or collaterally attack a finding of guilt on any ground except ineffective assistance of counsel or prosecutorial misconduct; and also waived his right to appeal his sentence, directly or collaterally, on any ground except (1) ineffective assistance, (2) prosecutorial misconduct, or (3) an illegal sentence, meaning a sentence that exceeds the statutory maximum. We will enforce the appeal waiver. The record shows that Grant pleaded guilty voluntarily and with full knowledge of the appeal waiver, his concurrent sentences do not exceed the applicable statutory maximums, the Anders brief argument is covered by the appeal waiver, and no miscarriage of justice would result from enforcing the waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (enforceability of appeal waiver).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues that are not covered by the appeal waiver. Accordingly, we grant counsel's motion to withdraw, we deny Grant's motion for new appointed counsel, and we dismiss this appeal.

_____

---

[1] The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.